# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DANIEL STOLARZ,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:20-1772 |
| v | : | (JUDGE MANNION) |
| **CATRICIA HOWARD,** | : | |
| Respondent | : | |

## MEMORANDUM

**I.  Background**

Petitioner, John Daniel Stolarz, a former inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He has also filed an Emergency Motion for "Temporary Restraining Order and preliminary injunction." (Doc. 3).

Stolarz claims that the Bureau of Prisons (BOP) is violating his rights by failing to provide him safe living conditions due to the COVID-19 pandemic. Id. Specifically, he claims that he has serious past and present health issues, which include a heart attack, high blood pressure and surgery to remove a blood clot. (Doc. 2). As a result of his medical conditions, Stolarz claims that he is especially vulnerable to contracting COVI-19. Id. For relief,

Stolarz requests that he be released to home confinement or release him altogether. Id. For the reasons set forth below, the instant petition and emergency motion for an injunction will be dismissed as moot.

**II.    Discussion**

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing

2

O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

On November 30, 2020, Stolarz suffered cardiac arrest in his FCI-Allenwood unit and was successfully revived using cardiopulmonary resuscitation and an Automated External Defibrillator. (Doc. 9-1 at 1, Declaration of Jonathan Kerr, USP-Lewisburg Attorney). Stolarz was immediately transferred to a local hospital where he is recovering and awaiting a release plan. Id.

On December 8, 2020, the United States District Court for the Southern District of New York granted a compassionate release request filed by Stolarz as a result of his cardiac arrest and reduced his term to time served. (Doc. 9-1 at 2, Order). The order was stayed for up to 14-days in order to verify a release residence, to make travel arrangements, and to ensure a safe release. Id. After his release, Stolarz is to serve an additional "special-term of Supervised Release of TWELVE (12) MONTHS." Id. The special term will include location monitoring and he will be required to remain in his residence unless he is attending medical appointments, religious service, or other Probation Department approved activities. Id. Upon completion of the special term of supervised release, Stolarz will begin the three-year term of

supervised release which was imposed in the Judgment of October 31, 2011. Id.

In light of the compassionate release request granted by the United States District Court for the Southern District of New York, and Stolarz' subsequent release from custody, his habeas petition and request for an emergency injunction have been rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus and the included request for an injunction will be **DISMISSED**. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 21, 2020**
20-1772-01